**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50101
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO JON GALE, also known as Jose Manuel Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1896-ALL

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Mario Jon Gale appeals the 70-month term of imprisonment imposed for his guilty plea conviction for attempting to enter into the United States after having previously been removed. He argues that his sentence, which was at the bottom of the advisory guidelines range, is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Gale contends that a shorter sentence was appropriate in his case because he was raised in the United States, he was abused by his foster father in the United

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States, and the aggravated assault that warranted the 16-level adjustment was committed against his foster father in retribution for years of abuse. He also argues that fast-track programs create unwarranted sentencing disparities between defendants who can avail themselves of a fast-track program and defendants, like him, who cannot. As he concedes, his fast-track argument is foreclosed by this court's precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Relying on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and *Rita v. United States*, 551 U.S. 338, 347-48 (2007), Gale contends that the appellate presumption of reasonableness accorded sentences imposed within a defendant's properly calculated advisory sentencing guidelines range should not apply to sentences that were calculated under Guidelines not derived from empirical data and national experience. However, as Gale concedes, this court has rejected that argument. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). The appellate presumption of reasonableness is applicable in this case. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

In determining Gale's sentence, the district court judge considered the advisory sentencing guidelines range, the information in Gale's presentence report, and the § 3553(a) factors. The district court judge considered the arguments presented at sentencing and determined that a within-guidelines sentence was appropriate. Gale's arguments do not establish that the district court plainly erred or abused its discretion in imposing his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Gale has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Alonzo*, 435 F.3d at 554.

The judgment of the district court is AFFIRMED.